## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| TANYA WHITE,<br><br>Plaintiff,<br><br>vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC, OCWEN LOAN SERVICING, LLC d/b/a PHH MORTGAGE SERVICES,<br><br>Defendants. | CIVIL FILE NO. 0:20-cv-2619<br><br><br>**COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### PRELIMINARY STATEMENT

1.    This is an action for actual, statutory, and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq.* (Federal Fair Credit Reporting Act), and 15 U.S.C. § 1666 (Federal Fair Credit Billing Act).

### JURISDICTION

2.    The jurisdiction of this court is confirmed by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367.

3.    Venue is proper in this Court because a substantial part of the claim arose in Minnesota, and all Defendants "reside" in Minnesota, as that term is used in 28 U.S.C. § 1391.

## PARTIES

4.      Plaintiff Tanya White (hereinafter "White", or "Plaintiff") is a natural person residing in the County of Beltrami, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.      Upon information and belief, Defendant Equifax Information Services, LLC, (hereinafter "Equifax", "Defendant" or "Defendants") is a corporation incorporated under the laws of the State of Georgia authorized to do business in the State of Minnesota through its registered offices at 2345 Rice Street, Suite 230, Roseville, Minnesota, 55113.

6.      Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

7.      Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

8.      Upon information and belief, Defendant Experian Information Solutions, Inc., (Hereinafter "Experian", "Defendant" or "Defendants") is a corporation incorporated under the laws of the State of California authorized to do business in the State of Minnesota through its registered Office at CT CORP 1010 Dale Street North, St. Paul, MN 55117.

9.      Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

10.     Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

11.     Upon information and belief, Defendant Ocwen Loan Servicing, LLC d/b/a PHH Mortgage Services, (Hereinafter "Ocwen", "Defendant", or "Defendants"), is a Delaware limited liability company,  who acquired PHH Mortgage Services, a New Jersey Corporation, and does substantial business in this judicial district and may be served by delivering a summons to its Legal Department at its headquarters, 1661 Worthington Road, Suite 100, West Palm Beach, Florida 33409 and to its Legal Department at its subsidiary's headquarters, 1 Mortgage Way, Mount Laurel, New Jersey 08054 .  Ocwen Loan Servicing, LLC d/b/a PHH Mortgage Services, is a "furnisher" as that term is used in 15 U.S.C. § 1681s-2.

## FACTUAL ALLEGATIONS: COUNT I EQUIFAX

12.     In September 2008, Plaintiff secured a mortgage for her home at 9562 Page Lane NW, Bemidji MN 56601 for which Ocwen is/was the mortgage servicer.

13.     In July 2020, Plaintiff pulled her credit reports and noticed that Plaintiffs' Ocwen tradelines were reporting inaccurately. (*See Exhibit 1, Plaintiff White's July 2020 Tri-Merge Credit Report*)

14.     Plaintiff noticed that Equifax was double reporting Plaintiff's Ocwen account for the time period of 2014-2016 (*See Exhibit 1*).

15.     On or about October 1, 2020, Plaintiff disputed these tradelines directly with Defendant Equifax. (*See Exhibit 2, Plaintiff's October 1, 2020 unsigned dispute letter to Equifax*).

*16.*     Equifax responded on October 29, 2020 and verified the account as accurate (*See Exhibit 3, Equifax's response to Plaintiff's dispute*).

17.     Upon the Plaintiffs' request for verification and deletion, and in accordance with its standard procedures, Equifax did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify the Ocwen tradeline.

18.     In the alternative, Equifax failed to contact Ocwen.

19.     In the alternative to the allegation that Equifax failed to contact Ocwen, it is alleged that Equifax did forward some notice of the disputes to Ocwen, but Ocwen failed to conduct a lawful investigation.

## **FACTUAL ALLEGATIONS: COUNT II EXPERIAN**

20.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

4

21.   In July 2020, Plaintiff pulled her Experian credit reports and noticed that Plaintiff's Ocwen accounts were reporting inaccurately. (*See Exhibit 1, Plaintiff White's July 2020 Tri-Merge Credit Report*)

22.   Plaintiff's Experian credit reports were double reporting her Ocwen account, which is incorrect as she only has one account (*See Exhibit 1*).

23.   On or about October 1, 2020, Plaintiff disputed her consumer reports with Defendant Experian directly and requested an investigation into the accuracy of the Ocwen representations. (*See Exhibit 4, Plaintiff White's October 1, 2020 unsigned dispute letter to Experian*).

24.   Experian responded to Plaintiffs' dispute letters on October 29, 2020 and stated that they deleted one of the two Ocwen tradelines, when in fact they did not delete it. (*See Exhibit 5, Experian's response to Plaintiff's dispute*).

25.   Upon the Plaintiffs' request for verification and deletion, and in accordance with its standard procedures, Experian did not evaluate or consider any of Plaintiffs' information, claims or evidence and did not make any attempt to substantially or reasonably verify the Ocwen reporting lines.

26.   In the alternative, Experian failed to contact Ocwen.

27.   In the alternative to the allegation that Experian failed to contact Ocwen, it is alleged that Experian did forward some notice of the dispute to Ocwen, and Ocwen failed to conduct a lawful investigation.

## FACTUAL ALLEGATIONS: COUNT III OCWEN

28.    Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

29.    Defendant Ocwen willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agency, and/or by failing to appropriately report the results of their investigations, and/or by failing to appropriately modify, delete, and/or block the information.

30.    As a result of said Defendant's violations of § 1681s-2(b), Plaintiff has suffered actual damages not limited to credit denials, out-of-pocket expenses, detriment to her credit rating, and emotional distress.

31.    Defendant's actions and omissions were willful, rendering them liable for punitive damages and/or statutory damages.

32.    Plaintiff is entitled to recover costs and attorney's fees from Ocwen.

## FIRST CLAIM FOR RELIEF AGAINST EQUIFAX

33.    The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

34.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

35.   As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

36.   Equifax's conduct, action and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C 1681o.

37.   The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EQUIFAX

38.   Plaintiffs reallege and incorporate all paragraphs above as if fully set out herein.

39.   Equifax violated 15 U.S.C. § 1681li on multiple occasions by failing to delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Ocwen; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit files; and by relying upon verification from a source it has reason to know is unreliable.

40.   As a result of this conduct, action and inaction of Equifax, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the

mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

41. Equifax's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

42. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

43. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

44. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintains concerning the Plaintiff.

45. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

46. Experian's conduct, action and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C §1681o.

47. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

48. Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

49. Experian violated 15 U.S.C. § 1681li on multiple occasions by failing to delete inaccurate information in the Plaintiffs' credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to Ocwen; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiffs' credit files; and by relying upon verification from a source it has reason to know is unreliable.

50. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

51. Experian's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiffs to recover actual damages under 15 U.S.C. §1681o.

52.     The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## FIRST CLAIM FROM RELIEF AGAINST OCWEN

53.     Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

54.     Ocwen published the Ocwen representations to CRA Defendants, and through Defendants to all of Plaintiff White's potential lenders on multiple occasions, including but not limited to the Ocwen response to Defendant Equifax, which formed the basis of the Defendant Equifax's dispute responses.

55.     The publication and/or defamation was willful and with malice. Ocwen did not have any reasonable basis to report the status and line items in Plaintiff White's credit report. It also had substantial information, time, and opportunity to verify that Plaintiff's credit report was reporting accurately. Further, even if Ocwen would attempt to plead ignorance prior to October 2020, after Plaintiff's disputes it had all the evidence and information with which to confirm and recognize the discrepancies of Plaintiff's account and should have reported currently.

56.     As a result of this conduct, action and inaction of Ocwen, the Plaintiff has suffered damages by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

57.     The publication, defamation and actions of Ocwen were willful, deliberate, intentional and/or with reckless disregard for the interests and rights of Plaintiff such

as to justify an award of punitive damages against Ocwen in an amount to be determined by the court.

## SECOND CLAIM FOR RELIEF AGAINST OCWEN

58.   Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

59.   Ocwen violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to report the Ocwen representation within Plaintiff's credit file with Defendants without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the Ocwen representation; by failing to accurately respond to Defendants; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Ocwen Representations to the consumer reporting agencies.

60.   As a result of this conduct, action and inaction of Ocwen, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

61.   Ocwen's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Ocwen was negligent, entitling Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## **TRIAL BY JURY**

62.     Plaintiff is entitled to and hereby demands a trial by jury. US Const. Amend. 7.   Fed.

R. Civ. Pro. 38.


        WHEREFORE, Your Plaintiff demands judgment for compensatory and punitive

damages against Defendants, jointly and severally; for their attorney's fees and costs; for

pre-judgment and post-judgment interest at the legal rate, and such other relief the court

does deem just, equitable and proper.


                                        FIELDS LAW FIRM


Dated: December 21, 2020.              By:   /s/ *Blake Bauer*
                                           Blake R. Bauer (#0396262)
                                           Attorney for Plaintiffs
                                           9999 Wayzata Blvd.
                                           Minnetonka, Minnesota 55305
                                           (612)-206-3476
                                           Blake@FieldsLaw.com